## DISCIPLINARY DOCKET

**94–1375.   Cincinnati Bar Assn. v. Wolosin.**
On March 22, 1995, this court suspended respondent, Gary E. Wolosin, a.k.a. Gary Ellis Wolosin, for two years, and stayed the suspension and placed respondent on probation for two years, on conditions.  On December 18, 1996, a panel of the Board of Commissioners on Grievances and Discipline filed its certified report in this court in accordance with Gov.Bar R. V(9)(H), recommending that the Supreme Court immediately revoke the probation of respondent and reinstate the sanctions imposed on March

22, 1995. On January 24, 1997, respondent filed a motion to decertify and return matter to the panel of the Board of Commissioners on Grievances and Discipline. On January 31, 1997, this court, pursuant to Gov.Bar R. V(9)(J), issued an order to show cause why the panel recommendation should not be confirmed. Respondent did not file objections. Upon consideration thereof,

IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(9)(K), the probation of respondent, Gary E. Wolosin, a.k.a. Gary Ellis Wolosin, Attorney Registration No. 0008072, last known business address in Cincinnati, Ohio, be revoked and the original two-year suspension be reinstated immediately. It is further ordered that respondent's motion to decertify be, and is, hereby, denied.

IT IS FURTHER ORDERED that the respondent, Gary E. Wolosin, a.k.a. Gary Ellis Wolosin, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order, and that his name be stricken from the roll of attorneys maintained by this court.

IT IS FURTHER ORDERED that respondent be taxed the costs of these proceedings in the amount of $1,154.73, which costs shall be payable to this court by certified check or money order on or before ninety days from the date of this order. It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs. It is further ordered that respondent may not apply for reinstatement until such time as he pays his costs in full, including any accrued interest.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; and (4) this court orders respondent reinstated.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained,

calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent surrender his attorney registration card for the 1995–1997 biennium.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, the Cincinnati Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1) and 9(I), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

F.E. SWEENEY, J., dissents in part to the denial of the motion to decertify.