[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1207.]

OFFICE OF DISCIPLINARY COUNSEL *v.* JACOB.

[Cite as *Disciplinary Counsel v. Jacob*, 1998-Ohio-274.]

(No. 98-725–Submitted and decided November 3, 1998.)

ON CERTIFIED ORDER OF THE SUPREME COURT OF KENTUCKY, NO.

96-SC-1097-KB.

———————————

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On April 15, 1998, relator, Disciplinary Counsel, filed with this court a certified copy of an order of the Supreme Court of Kentucky entered September 4, 1997, in *Kentucky Bar Assn. v. Richard K. Jacob*, case No. 96-SC-1097-KB, 950 S.W.2d 832, suspending respondent, Richard K. Jacob, a.k.a. Richard Kenneth Jacob, for thirty days. On April 24, 1998, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state. On May 22, 1998, respondent filed a response to the show cause order, and on June 3, 1998, relator filed an answer brief. On June 17, 1998, respondent filed a motion to strike relator's answer brief, and on June 25, 1998, relator filed a brief in opposition to respondent's motion. This cause was considered by the court and on consideration thereof,

{¶ 3} IT IS ORDERED AND ADJUDGED by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Richard K. Jacob, a.k.a. Richard Kenneth Jacob, Attorney Registration No. 0008991, last known business address in Shaker Heights, Ohio, be suspended from the practice of law in Ohio until such time as he is reinstated to the practice of law in the state of Kentucky.

{¶ 4} IT IS FURTHER ORDERED that respondent's motion to strike relator's answer brief be, and hereby is, denied.

**{¶ 5}** IT IS FURTHER ORDERED that the respondent, Richard K. Jacob, a.k.a. Richard Kenneth Jacob, immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

**{¶ 6}** IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal instruments for others or in any manner perform such services.

**{¶ 7}** IT IS FURTHER ORDERED that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

**{¶ 8}** IT IS FURTHER ORDERED that respondent surrender his certificate of admission to practice to the Clerk of this court on or before thirty days from the date of this order, and that his name be stricken from the roll of attorneys maintained by this court.

**{¶ 9}** IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

**{¶ 10}** IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

**{¶ 11}** IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent files evidence with the Clerk of this court and with Disciplinary Counsel demonstrating his reinstatement to the practice of law in Kentucky; (4) respondent complies with this and all other orders issued by this court; and (5) this court orders respondent reinstated.

**{¶ 12}** IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent shall:

**{¶ 13}** 1. Notify all clients being represented in pending matters and any co-counsel of his suspension and his consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in his place;

**{¶ 14}** 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

**{¶ 15}** 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

**{¶ 16}** 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 17}** 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 18}** 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

**{¶ 19}** 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 20}** IT IS FURTHER ORDERED that on or before thirty days from the date of this order, respondent surrender his attorney registration card for the 1997/1999 biennium.

**{¶ 21}** IT IS FURTHER ORDERED that until such time as he fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

**{¶ 22}** IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

**{¶ 23}** IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

**{¶ 24}** IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs provided that no disciplinary related impediment exists in Kentucky.

RESNICK and PFEIFER, JJ., dissent.

———————————