CINCINNATI BAR ASSOCIATION *v.* EMERSON.

[Cite as *Cincinnati Bar Assn. v. Emerson,*

122 Ohio St.3d 176, 2009-Ohio-2883.]

*Attorneys at law — Misconduct — Neglect of entrusted legal matters — Failure to cooperate in disciplinary investigation — Indefinite suspension.*

(No. 2009-0042 — Submitted March 25, 2009 — Decided June 25, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 07-066.

_____

**Per Curiam**.

{¶ 1} Respondent, Eric Lamar Emerson of Covington, Kentucky, Attorney Registration No. 0072916, was admitted to the practice of law in Ohio in 2000. On March 19, 2009, we suspended respondent's license for 61 days and separately suspended his license for 181 days, in accordance with the Gov.Bar R. V(11)(F) process for reciprocal disciplinary measures. *Disciplinary Counsel v. Emerson*, 121 Ohio St.3d 1226, 2009-Ohio-1541, 903 N.E.2d 644; *Disciplinary Counsel v. Emerson*, 121 Ohio St.3d 1229, 2009-Ohio-1540, 903 N.E.2d 647. We imposed these sanctions upon receiving notice that the Supreme Court of Kentucky had ordered suspensions of respondent's Kentucky license to practice law for the same durations. *Kentucky Bar Assn. v. Emerson* (Ky.2008), 275 S.W.3d 183, and *Kentucky Bar Assn. v. Emerson* (Ky.2009), 276 S.W.3d 823.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we suspend respondent's license to practice for two years, staying the second year on condition of monitored probation. This recommendation is based on the board's findings that respondent neglected clients' cases and otherwise failed to carry out professional responsibilities,

including failing to cooperate during the investigation of these ethical infractions. We agree that respondent engaged in professional misconduct as found by the board; however, to safeguard the public, we order the indefinite suspension of his license to practice law, which concomitantly requires a petition for reinstatement.

{¶ 3} Relator, Cincinnati Bar Association, charged respondent in a four-count complaint with violations of the Disciplinary Rules of the former Code of Professional Responsibility and Gov.Bar R. V(4)(G) (requiring lawyers to cooperate in a disciplinary investigation). A panel of board members heard the case, including respondent's testimony and admissions to the charged misconduct, made findings of fact and conclusions of law, and recommended that respondent be indefinitely suspended from practice. The board accepted the panel's findings of misconduct but recommended the two-year suspension and one-year stay.

{¶ 4} Relator objects to the board's report, arguing that the recommendation is contrary to the indefinite suspension that we ordinarily impose when a lawyer repeatedly fails to provide diligent representation and then fails to respond to investigative inquiries of disciplinary authorities. Based on relator's sound analysis, and considering that respondent has filed no brief in opposition, we sustain the objection.

## Misconduct

### Count I

{¶ 5} Respondent agreed in August 2005 to pursue a civil rights action on behalf of a client, who then advanced $1,200 for costs in her case. After filing an amended complaint in federal district court, respondent failed to respond to requests for discovery and did not appear as scheduled at two depositions. The district court ordered respondent in October 2006 to file a notice of withdrawal immediately or continue as counsel. Respondent did not withdraw but continued in failing to assist the client.

**{¶ 6}** Respondent conceded that he had abandoned his client, leaving her to file motions on her own to preserve her claim. He also conceded his failure to promptly honor requests for the client's file and an itemized billing for his services. After the client filed a grievance with relator, respondent failed to reply to letters of inquiry even after promising during his deposition to respond in writing.

**{¶ 7}** The board found clear and convincing evidence that in representing this client, respondent violated DR 6-101(A)(3) (prohibiting a lawyer's neglect of an entrusted legal matter), 7-101(A)(1), (2), and (3) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of a client, failing to carry out an employment contract, and causing a client prejudice or damage), 7-106(A) (prohibiting a lawyer from disregarding a court order), 9-102(B)(3) (requiring a lawyer to maintain complete records of client funds in the lawyer's possession and to render appropriate accounts), and 9-102(B)(4) (requiring a lawyer to promptly deliver a client's file upon request) and Gov.Bar R. V(4)(G). Because these violations are sufficiently supported by the evidence, we accept these findings of misconduct.

*Count II*

**{¶ 8}** In December 2005, another client paid respondent $2,500 for his representation, along with another attorney, in a property dispute with the client's ex-husband. During litigation in the matter, the court ordered the client to convey certain property rights to her ex-husband as part of the divorce decree. The client refused to sign the necessary papers and discharged respondent, afterward reclaiming her file and demanding a refund.

**{¶ 9}** Respondent believed that he had earned the entire $2,500 with the services he had provided. But he admittedly did not comply with the client's request for an itemized billing, explaining that he had not documented the hours spent on her case and had given her everything from which he might have

reconstructed the time. After the client filed a grievance with relator, respondent further failed to respond to an investigator's letters, even after promising at his deposition to respond in writing.

**{¶ 10}** The board found clear and convincing evidence that in representing this client, respondent had violated DR 9-102(B)(3) and Gov.Bar R. V(4)(G). Because these violations are sufficiently supported by the evidence, we accept these findings of misconduct.

*Count III*

**{¶ 11}** A third client hired respondent in March 2006 after the client sustained injuries in a traffic accident. Respondent accepted the case but then failed to obtain his client's file from a previous lawyer and did not review court records of the proceedings that had already occurred. When respondent also failed to appear in the case on his client's behalf, the court dismissed the action for want of prosecution. Respondent failed to communicate with his client and did not return the case file upon request. He also failed to reply to investigative letters relative to a grievance about his representation.

**{¶ 12}** The board found clear and convincing evidence that in representing this client, respondent violated DR 6-101(A)(3), 7-101(A)(1), (2), and (3), and 9-102(B)(4) and Gov.Bar R. V(4)(G). Because these violations are sufficiently supported by the evidence, we accept these findings of misconduct.

*Count IV*

**{¶ 13}** Before the Supreme Court of Kentucky suspended respondent from practice of law in that state, the court publicly reprimanded him for misconduct committed when he represented an Ohio resident in Kentucky during July 2006. Respondent had accepted a $2,500 fee from that client and his family, later withdrew as counsel without returning any portion of the fee, and then failed to respond to the disciplinary charges brought against him. *Kentucky Bar Assn. v. Emerson* (Ky.2008), 260 S.W.3d 782, and *Disciplinary Counsel v. Emerson*, 120

Ohio St.3d 1206, 2008-Ohio-6352, 897 N.E.2d 647 (public reprimand imposed as reciprocal discipline).

{¶ 14} During preliminary inquiries about the Kentucky case, respondent failed to respond to various letters and forced relator to subpoena him for deposition. He then failed to present a written response that during his deposition he had promised to provide. The board found clear and convincing evidence that respondent had thereby violated Gov.Bar R. V(4)(G). We also accept this finding of misconduct.

### Sanction

{¶ 15} As relator argues, we have consistently imposed an indefinite suspension from practice for lawyers who repeatedly neglect their clients' legal interests and fail to cooperate in the ensuing disciplinary investigation. *Dayton Bar Assn. v. Fox*, 108 Ohio St.3d 444, 2006-Ohio-1328, 844 N.E.2d 346; *Columbus Bar Assn. v. Torian*, 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210; and *Disciplinary Counsel v. Treneff,* 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16. We have noted our extensive case law in this area. *Fox* at ¶ 10, citing *Disciplinary Counsel v. Griffith,* 104 Ohio St.3d 50, 2004-Ohio-5991, 818 N.E.2d 226; *Lorain Cty. Bar Assn. v. Kaderbek,* 100 Ohio St.3d 295, 2003-Ohio-5754, 798 N.E.2d 607; *Disciplinary Counsel v. Washington,* 97 Ohio St.3d 483, 2002-Ohio-6723, 780 N.E.2d 571. And in view of respondent's prior disciplinary record and the lack of any mitigating factors to weigh in his favor, we find an indefinite suspension to be appropriate.

{¶ 16} Respondent is indefinitely suspended from the practice of law in Ohio. He may not petition for reinstatement under the procedures set forth in Gov.Bar R. V(10) for at least two years from the date of our order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Robert J. Gehring and Anita S. Cross, for relator.

Eric L. Emerson, pro se.

_____