Richard ERPENBECK, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2009–SC–000354–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

As Corrected Nov. 17, 2009.

### OPINION AND ORDER

Richard Erpenbeck, KBA Member No. 84104, last known bar roster address 3051 Hergott Drive, Edgewood, Kentucky 41017, moves this Court to suspend him from the practice of law for two years. The Kentucky Bar Association (KBA) requests that Movant's motion be granted. Finding two years suspension an appropriate sanction, we hereby grant Movant's motion.

Movant was admitted to practice law in the Commonwealth of Kentucky on October 17, 1991. Movant has been suspended from the practice of law for nonpayment of bar dues since December 1, 2005. On August 20, 2007, the Inquiry Commission issued a Charge against Movant, consisting of four counts of professional misconduct. Movant admits violating the Rules of Professional Conduct as set out in the Second Amended Charge. The Charge alleges misconduct arising from three separate incidents.

First, while employed by the Bank of Corbin to perform title searches on certain properties, Movant failed to inform the bank that other mortgages existed on those properties. Movant's failure to disclose this information resulted in the Bank of Corbin issuing loans on four of the properties encumbered by pre-existing mortgages.

Second, Movant's brother transferred fifty percent of the stock he owned in B & G Holdings, LLC to Bill Erpenbeck Children, LLC, a company that Movant man-

aged. Movant's brother made this transfer without any consideration and while indebted to several lending institutions. Movant failed to inform the Bankruptcy Court of his brother's transfer.

Thirdly, Movant prepared a deed transferring certain property to Anita Andrews. Knowing that he failed to record that deed and without making sure that the deed had been signed by Andrews, Movant then transferred that same property to his mother and father, who then mortgaged the property.

In Count I of the Second Amended Charge, Movant was charged with violating SCR 3.130–1.1, stating "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Count II of the Second Amended Charge, charged Movant with violation of SCR 3.130–1.3, which states, "A lawyer shall act with reasonable diligence and promptness in representing a client." Movant admits that he violated these two Rules of Professional Conduct when he failed to competently and diligently represent the Bank of Corbin.

Count III charged that Movant violated the part of SCR 3.130–4.4 [1] that provides, "A lawyer shall not knowingly use means that have no substantial purpose other than to embarrass, delay or burden a third person." Movant admits that he violated SCR 3.130–4.4 by preparing faulty title opinions for the Bank of Corbin, and by not verifying that Andrews had signed her deed, and by transferring Andrews' property to his parents.

Finally, Count IV charged Movant with violating SCR 3.130–3.3(a)(2). That

---

1. The charges were filed prior to the most recent amendments to SCR 3.130 (effective July 15, 2009) and thus all citations here are to the former rules.

section provides, "[a] lawyer shall not knowingly ... Fail to disclose a material fact to the tribunal when disclosure is necessary to avoid a fraud being perpetrated on the tribunal." Movant admits that by not notifying the Bankruptcy Court of his brother's transfer of stock, he violated this Rule.

 The KBA investigated Movant's situation and found insufficient evidence of any criminal conduct or financial fraud by Movant, despite the presence of such activities within Movant's family. Further, Movant has no prior history of discipline. However, from the record and Movant's own admission, it is clear Movant demonstrated serious incompetence and failed to practice reasonable diligence. In light of these findings, the Movant's motion is hereby granted.

ACCORDINGLY, the Court ORDERS:

1) Movant, Richard Erpenbeck, is adjudged guilty of violating SRC 3.130–1.1, SRC 3.130–1.3, SRC 3.130–4.4, and SRC 3.130–3.3(a)(2) as charged in KBA File 11401;

2) Movant is hereby suspended from the practice of law for two years from the date of this Opinion and Order;

3) Pursuant to SCR 3.390, Movant shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Movant shall simultaneously provide a copy of all such letters to the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Movant shall immediately cancel and cease any advertising activities in which he is engaged.

4) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $526.82, for which execution may issue from this Court upon finality of this Opinion and Order; and

5) If Movant fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.
CHIEF JUSTICE