**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Eric Lamar EMERSON, Respondent.**

No. 2009–SC–000508–KB.

Supreme Court of Kentucky.

Jan. 21, 2010.

As Modified March 5, 2010.

*OPINION AND ORDER*

Respondent, Eric Lamar Emerson, whose last known bar roster address is Gateway Center West, 300 Madison Avenue, Suite 300, Covington, Kentucky 41011 and whose KBA Member No. is 89553, was admitted to the practice of law in the Commonwealth of Kentucky in 2002. The Kentucky Bar Association has petitioned this Court to impose reciprocal discipline against Respondent because he has been disciplined in Ohio.

Respondent was previously publicly reprimanded in this state, *Kentucky Bar Ass'n v. Emerson*, 260 S.W.3d 782 (Ky. 2008), and then suspended from the practice of law in this state, *Kentucky Bar Ass'n v. Emerson*, 275 S.W.3d 183 (Ky. 2008) (61–day suspension); *Kentucky Bar Ass'n v. Emerson*, 276 S.W.3d 823 (Ky. 2009) (181–day suspension). Respondent received reciprocal discipline in Ohio for each of these cases. *See Disciplinary Counsel v. Emerson*, 120 Ohio St.3d 1206, 897 N.E.2d 647 (2008); *Disciplinary Counsel v. Emerson*, 121 Ohio St.3d 1229, 903 N.E.2d 647 (2009); *Disciplinary Counsel v. Emerson*, 121 Ohio St.3d 1226, 903 N.E.2d 644 (2009).

Since those cases were decided, Respondent has been subject to further discipline for other misconduct in Ohio. On June 25, 2009, the Ohio Supreme Court found that Respondent had committed multiple instances of misconduct, which it described as follows:

Respondent agreed in August 2005 to pursue a civil rights action on behalf of a client, who then advanced $1,200 for costs in her case. After filing an amended complaint in federal district court, respondent failed to respond to requests for discovery and did not appear as scheduled at two depositions. The district court ordered respondent in October 2006 to file a notice of with-

drawal immediately or continue as counsel. Respondent did not withdraw but continued in failing to assist the client.

Respondent conceded that he had abandoned his client, leaving her to file motions on her own to preserve her claim. He also conceded his failure to promptly honor requests for the client's file and an itemized billing for his services. After the client filed a grievance with relator, respondent failed to reply to letters of inquiry even after promising during his deposition to respond in writing.

. . .

In December 2005, another client paid respondent $2,500 for his representation, along with another attorney, in a property dispute with the client's ex-husband. During litigation in the matter, the court ordered the client to convey certain property rights to her ex-husband as part of the divorce decree. The client refused to sign the necessary papers and discharged respondent, afterward reclaiming her file and demanding a refund.

Respondent believed that he had earned the entire $2,500 with the services he had provided. But he admittedly did not comply with the client's request for an itemized billing, explaining that he had not documented the hours spent on her case and had given her everything from which he might have reconstructed the time. After the client filed a grievance with relator, respondent further failed to respond to an investigator's letters, even after promising at his deposition to respond in writing.

. . .

A third client hired respondent in March 2006 after the client sustained injuries in a traffic accident. Respondent accepted the case but then failed to obtain his client's file from a previous lawyer and did not review court records of the proceedings that had already occurred. When respondent also failed to appear in the case on his client's behalf, the court dismissed the action for want of prosecution. Respondent failed to communicate with his client and did not return the case file upon request. He also failed to reply to investigative letters relative to a grievance about his representation.

. . .

Before the Supreme Court of Kentucky suspended respondent from practice of law in that state, the court publicly reprimanded him for misconduct committed when he represented an Ohio resident in Kentucky during July 2006. Respondent had accepted a $2,500 fee from that client and his family, later withdrew as counsel without returning any portion of the fee, and then failed to respond to the disciplinary charges brought against him.

During preliminary inquiries about the Kentucky case, respondent failed to respond to various letters and forced relator to subpoena him for deposition. He then failed to present a written response that during his deposition he had promised to provide.

*Cincinnati Bar Ass'n v. Emerson*, 122 Ohio St.3d 176, 909 N.E.2d 635, 637–38 (2009) (citations and paragraph marks omitted). The court summarized Respondent's misconduct as "repeatedly neglect[ing][his] clients' legal interests and fail[ing] to cooperate in the ensuing disciplinary investigation." *Id.* at 638. As a result of the misconduct, Respondent was indefinitely suspended from the practice of law in Ohio and barred from applying for reinstatement for two years. *Id.*

In August 2009, the KBA moved this Court to issue an order requiring Respon-

dent to show cause why identical reciprocal discipline should not be imposed under SCR 3.435. A show cause order was issued on October 1, 2009. Respondent failed to file a response, so the issue of what, if any, discipline to impose is now ripe for review by this Court.

Under Kentucky Supreme Court Rule 3.435, Respondent shall be subject to identical discipline in the Commonwealth of Kentucky unless he proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in this State. SCR 3.435(4). The Ohio Supreme Court's order, as a "final adjudication in another jurisdiction that an attorney has been guilty of misconduct[,] shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State." SCR 3.435(4)(c).

Seeing no reason why Respondent should not be subjected to identical discipline in this state SCR 3.435, it is hereby ORDERED that:

1. The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, Eric Lamar Emerson, is suspended indefinitely from the practice of law in the Commonwealth of Kentucky and shall not seek reinstatement for two years.

2. In accordance with SCR 3.450, Respondent is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

3. Should Respondent currently have any clients, pursuant to SCR 3.390, he shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: January 21,2010.

/s/ John D. Minton Jr.
    Chief Justice