**Joseph H. WAHL, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 88–SC–837–KB.

Supreme Court of Kentucky.

Nov. 17, 1988.

STEPHENS, Chief Justice.

Movant has been charged in a disciplinary proceeding before the Kentucky Bar Association with a violation of DR 1–102 of the Code of Professional Responsibility. He was temporarily suspended from practice on March 3, 1988. In the Agreed Judgment in a related civil action, movant did not contest allegations that he misappropriated client funds on several occasions, by failing to disburse escrow account funds held for the purpose of making mortgage payments on behalf of his client. These funds were alleged to have been wrongfully converted to movant's own use. Criminal charges based on these events are pending in the Jefferson Circuit Court.

Movant has moved to resign from the Kentucky Bar Association. The Kentucky Bar Association stated no objection in its response to the motion to resign.

It is ordered that Joseph H. Wahl's motion to resign from the Kentucky Bar Association is granted.

It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky, as defined by SCR 3.020, until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement pursuant to SCR 3.520 for a period of five (5) years from March 3, 1988. Such application must be accompanied by clear and convincing evidence that he has complied in full with the terms of the civil judgment entered against him in *Chicago Title Insurance Co. v. Joseph H. Wahl, Jr.*, Civil Action 88–CI–05814, Jefferson Circuit Court. Before applying for reinstatement, movant will further repay Henrietta Earl for attorneys fees incurred in a foreclosure action against her resulting from movant's misappropriation of funds. Finally, application for reinstatement shall not be made until there has been a final resolution of the *Commonwealth of Kentucky v. Joseph H. Wahl, Jr.*, Indictment No. 88–CR–0955, Jefferson Circuit Court.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520.

4. All disciplinary proceedings pending against movant shall be terminated and the cost thereof shall be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Pursuant to SCR 3.390, movant shall notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Movant shall simultaneously provide a copy of all

such letters to the director of the Kentucky Bar Association.

All concur.