**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**George Martin STRECKFUS,**
Respondent.

No. 2009–SC–000184–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

### *OPINION AND ORDER*

On March 9, 2007, the Indiana Supreme Court suspended George Martin Streckfus (KBA Member No. 81553) from the practice of law in that court for an indefinite period for his protracted non-cooperation with the Indiana disciplinary process. On May 21, 2009, this Court issued an order directing Streckfus to show cause, if any he had, within twenty days why he should not be subjected to reciprocal discipline in Kentucky under SCR 3.435(4). Streckfus's bar roster address is P.O. Box 1632, Louisville, Kentucky 40201. He was admitted to the practice of law in Kentucky in April 1986 and suspended in Kentucky for nonpayment of dues in January 2008.

Since Streckfus has not responded to this Court's Show Cause Order and the twenty days to do so have passed, he has failed to establish any reason why we should not impose identical reciprocal discipline. So we now impose such identical

reciprocal discipline as required by SCR 3.435(4).

On November 23, 2005, the Indiana Supreme Court ordered Streckfus to show cause why he should not be immediately suspended from the practice of law in the state of Indiana due to his failure to respond to the Indiana Supreme Court Disciplinary Commission's demands for a response to a grievance filed against him. The order required Streckfus to show cause, in writing, within ten days of service of the order. Streckfus failed to respond to the show cause order.

Based on his failure to respond to the show cause order, the Indiana Supreme Court entered an Order on January 31, 2006, suspending Streckfus from the practice of law in Indiana, which suspension would continue until: (1) the Executive Secretary of the Disciplinary Commission certified to the court that Streckfus cooperated with the investigation, (2) the investigation or any related disciplinary proceedings that arose from the investigation were concluded, or (3) until further orders of the court.

On March 3, 2006, the Indiana Supreme Court Disciplinary Commission filed a motion to dismiss the cause, stating Streckfus had complied with the Commission's demands on February 23, 2006. On April 3, 2006, the Indiana Supreme Court entered an order dismissing the matter as moot, reinstating Streckfus and directing Streckfus to pay costs.

On May 23, 2006, the Indiana Supreme Court ordered Streckfus to show cause, in writing, within ten days why he should not be immediately suspended from the practice of law due to his failure to respond to a subpoena *duces tecum* from the Indiana Supreme Court Disciplinary Commission concerning another grievance filed against him. Streckfus failed to respond within ten days. On July 18, 2006, the Indiana Supreme Court entered an order suspending Streckfus from the practice of law in Indiana. The suspension was to continue until: (1) the Executive Secretary of the Disciplinary Commission certified to the court that Streckfus cooperated with the investigation, (2) the investigation or any related disciplinary proceedings that arose from the investigation were concluded, or (3) until further orders of the court.

On March 9, 2007, the Indiana Supreme Court entered an order granting the Disciplinary Commission's motion to convert the suspension for non-cooperation with the disciplinary process to an indefinite suspension. The Indiana Supreme Court found that more than six months had passed since Streckfus was suspended for non-cooperation with the disciplinary process [1] and that he had failed to respond to the motion to convert the suspension to an indefinite suspension.

As Streckfus has failed to show cause why identical reciprocal discipline should not be imposed in this jurisdiction under SCR 3.435, this Court ORDERS:

1) George Martin Streckfus is SUSPENDED from the practice of law in the Commonwealth of Kentucky until he demonstrates that his suspension from the Indiana Supreme Court has been lifted.[2] At that time, Streckfus may ap-

---

1. Although not explicitly stated by the Indiana Supreme Court, apparently, Streckfus did not attempt to cooperate with the investigation during the intervening six months.

2. Though our disciplinary rules do not explicitly provide for the imposition of indefinite suspensions, we recently imposed a similar indefinite suspension in order to impose the "identical" reciprocal discipline required by SCR 3.435(4). *See Kentucky Bar Association v. Sebastian*, 268 S.W.3d 928 (Ky.2008).

ply for reinstatement pursuant to SCR 3.510;

2) Under SCR 3.390, Streckfus shall, within ten days from the entry of this Opinion and Order, notify, in writing, all courts in which he has matters pending and all clients he is currently representing of his inability to provide further legal services and provide the Executive Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable. In addition, to the extent possible, Streckfus shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Streckfus shall pay all costs associated with these disciplinary proceedings against him and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.
CHIEF JUSTICE