**KENTUCKY BAR ASSOCIATION,**
**Movant**

**v.**

**Thomas John LEKSAN, Respondent.**

**No. 2013–SC–000710–KB.**

Supreme Court of Kentucky.

March 20, 2014.

---

### OPINION AND ORDER

The Kentucky Bar Association ("KBA") petitions this Court to impose reciprocal discipline on Thomas John Leksan pursuant to Supreme Court Rule ("SCR") 3.43.5. Leksan was admitted to practice law in the Commonwealth of Kentucky on May 9, 1983. His bar roster address is 19 Anchorage Court, San Rafael, California 94903, and his KBA member number is 40970.

On June 13, 2013, the Ohio Supreme Court adopted a report of the Ohio Board of Commissioners on Grievances and Discipline finding Leksan guilty of numerous serious ethical violations relating to his gross mishandling and misappropriation of client funds. The Ohio Board's report cited violations of the following provisions of the Ohio Rules of Professional Conduct ("Prof.Cond. R."):

*Count I—General IOLTA violations:* Prof. Cond. R. 1.15(a) by leaving unearned fees in his IOLTA; Prof. Cond. R. 1.15(a)(2) by failing to maintain individual client ledgers for clients whose funds he held in his IOLTA; Prof. Cond. R. 1.15(a)(3) by failing to maintain an overall ledger of his IOLTA; Prof. Cond. R. 1.15(a)(5) by failing to perform a monthly reconciliation on his IOLTA; and Prof. Cond. R. 1.15(b) by depositing over $89,000.00 of personal funds into his IOLTA.

*Count II—Misappropriation of client funds:* Prof. Cond. R. 1.15(a) by prematurely withdrawing client funds to satisfy his own personal obligations and those of other clients; Prof. Cond. R. 8.4(c) by misappropriating client funds to satisfy his own personal obligations and those of other clients; and Prof. Cond. R. 8.4(h) by engaging in a course of conduct that reflects adversely on a lawyer's fitness to practice law.

*Count III—Kenneth and Alta Chasteen:* Prof. Cond. R. 1.4(a)(4) by failing to take a client's telephone calls after subrogation matters had been completed; Prof. Cond.

R. 1.15(a) by prematurely withdrawing funds from a client's funds from his IOLTA in order to pay personal and business expenses; Prof. Cond. R. 1.15(d) by failing to provide a client with the remainder of the settlement until eight months after the subrogation matters had concluded; Prof. Cond. R. 8.4(d) by failing to provide a client with the full settlement proceeds and thereby delaying closure of a personal injury matter; and Prof. Cond. R. 8.4(h) by engaging in a course of conduct that reflects adversely on a lawyer's fitness to practice law.

*Count IV—Michael Hedrick:* Prof. Cond. R. 1.15(a) by prematurely withdrawing funds from his IOLTA account which were designated for the Boilermakers National Health and Welfare Fund per the instructions of his client; Prof. Cond. R. 1.15(d) by failing to properly pay the Boilermakers National Health and Welfare Fund; Prof. Cond. R. 8.4(c) by converting funds designated for the Boilermakers National Health and Welfare Fund and using those funds for his own business and personal purposes; and Prof. Cond. R. 8.4(h) by mishandling client funds entrusted in his care.

*Count V—Jason Carnine:* Prof. Cond. R. 1.15(a) by prematurely withdrawing funds designated for a client from his IOLTA; Prof. Cond. R. 1.15(d) by failing to promptly pay that client; Prof. Cond. R. 8.4(c) by converting those funds and using the funds for his own personal and business obligations; and Prof. Cond. R. 8.4(h) by engaging in a course of conduct that reflects adversely on a lawyer's fitness to practice law.

The Ohio Board considered a number of mitigating factors in recommending discipline, including the fact that Leksan sought help for impairment before the misconduct was discovered, his restoration of most of the misappropriated funds before the misconduct was discovered, his reputation and cooperation during the disciplinary process, as well as the fact that he closed his office and is "winding down" his practice. The Ohio Supreme Court suspended Leksan indefinitely,[1] and further ordered that should Leksan seek reinstatement, he must provide proof that he: (1) has completed 12 hours of continuing legal education in law office management in addition to meeting the requirements of Rule X of the Ohio Supreme Court Rules for the Government of the Bar; (2) implemented a system to properly manage client funds in his practice; and (3) complied with his Ohio Lawyers Assistance Program contract and the recommendations of his treating professionals.

At the request of the KBA, through the Office of Bar Counsel, this Court issued an order requiring Leksan to show cause why he should not be indefinitely suspended from the practice of law, as consistent with an order of indefinite suspension from the Ohio Supreme Court. Leksan did not respond to the show cause order.[2] Pursuant to Supreme Court Rule ("SCR") 3.435(4), Leksan is subject to identical reciprocal discipline in the Commonwealth of Kentucky unless he proves by substantial evidence: (a) a lack of jurisdiction or fraud in the Ohio disciplinary action, or (b) that his misconduct warrants substantially different discipline in this Commonwealth. The Ohio ethical rules violated by Leksan are substantially comparable to the Kentucky Rules of Professional Conduct, Supreme Court Rule ("SCR") 3.130–1.15 (safekeep-

---

1. Leksan has also been suspended by the U.S. District Court for the Southern District of Ohio, Western Division, based upon the Ohio Supreme Court Order.

2. Leksan's response was due on January 1, 2014.

ing property), SCR 3.130–8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and SCR 3.130–1.4 (reasonable communication with client).

We have no grounds to find a lack of jurisdiction or fraud in bringing the disciplinary action on behalf of the Ohio authorities, nor do we find that Leksan's misconduct warrants substantially different discipline in Kentucky. This Court has previously imposed severe discipline, including permanent disbarment, on attorneys who have repeatedly mishandled funds in client trust accounts. *See Kentucky Bar Association v. Steiner*, 157 S.W.3d 209 (Ky.2005); *Wahl v. Kentucky Bar Association*, 759 S.W.2d 818 (Ky. 1988). We note that though our disciplinary rules do not explicitly provide for the imposition of indefinite suspensions, we have imposed similar indefinite suspensions in order to impose reciprocal discipline required by SCR 3.435(4). *See Kentucky Bar Association v. Sebastian*, 268 S.W.3d 928 (Ky.2008); *Kentucky Bar Association v. Emerson*, 303 S.W.3d 108 (Ky. 2010); *Kentucky Bar Ass'n v. Streckfus*, 291 S.W.3d 239, 241 (Ky.2009).

As Leksan has failed to show cause why identical reciprocal discipline should not be imposed in this jurisdiction under SCR 3.435, and seeing no reason why Leksan should not be subjected to identical discipline in this state, this Court ORDERS:

1. Thomas John Leksan is suspended from the practice of law in the Commonwealth of Kentucky until he demonstrates that his suspension from the Ohio Supreme Court has been lifted. At that time, Leksan may apply for reinstatement pursuant to SCR 3.510;

2. Under SCR 3.390, Leksan shall, within ten days from the entry of this Opinion and Order, notify, in writing, all courts in which he has matters pending and all clients he is currently representing

of his inability to provide further legal services and provide the Office of Bar Counsel of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable. In addition, to the extent possible, Leksan shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Leksan shall pay all costs associated with these disciplinary proceedings against him and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 20, 2014.

/s/ John D. Minton, Jr.