TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000399-KB

**FINAL**

DATE 11-4-14 EnAGrowfP.C

KENTUCKY BAR ASSOCIATION                                                                MOVANT


V.                                                    IN SUPREME COURT


JOHN SCOTT BENTON                                                                RESPONDENT


## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association (KBA) has recommended that John Scott Benton be found guilty of two counts of misconduct and be suspended from the practice of law for 181 days and be referred to the Kentucky Lawyer Assistance Program (hereinafter "KYLAP").

Benton was admitted to the practice of law in the Commonwealth of Kentucky on October 11, 2002; his KBA member number is 89449; his bar roster address is 201 Price Road, #205, Lexington, Kentucky 40511.

KBA Case No. 19824 arises from a guilty plea entered by Benton in Fayette Circuit Court on February 17, 2012, to one count of second-degree wanton endangerment (reduced from an original felony count of first-degree wanton endangerment) and one count of fourth-degree assault, both of which are Class A misdemeanors. The charges relate to an altercation between Benton and his then girlfriend that occurred around 2:00 a.m. on May 14, 2011, near the corner of Short and Market Streets in Lexington. After Benton reportedly quickly and aggressively accelerated his car toward the victim, he

exited his vehicle brandishing a semiautomatic handgun. According to witnesses, Benton then struck the victim in the head with either the pistol or a closed fist, knocking her unconscious.[1] Benton was sentenced to 12 month terms of imprisonment for both counts, to run concurrently, with the sentence probated for two years subject to various conditions, including that he be assessed for substance abuse and complete any recommended treatment, submit to physical examination and random drug testing, and continue with his recovery program.

On May 31, 2012, the Inquiry Commission filed a complaint pursuant to SCR 3.160(2), and Benton's counsel filed a response.[2]

On April 12, 2013, Probation Officer James Hamblin filed an affidavit with the circuit court stating that Benton had violated probation conditions by testing positive for marijuana, and requesting that his probation be revoked. The court found that Benton violated the conditions of his probation, but permitted him to continue probation under the same conditions. Benton was, however, required to serve two weekends at the Fayette County Detention Center for the violation.

On July 3, 2013, Officer Hamblin filed another affidavit stating that Benton had violated the conditions of probation by failing to report to his

---

[1] Upon entering his guilty plea, Benton acknowledged only that he had struck the victim across her chest with his arm and no mention was made of the presence of a handgun. The victim was unconscious when police arrived, however, and a semiautomatic 9-mm pistol was found in Benton's glove box.

[2] Benton was initially issued private admonitions with conditions pursuant to SCR 3.185 for this complaint as well as the complaint in KBA Case No. 20289, discussed below. The Inquiry Commission proceeded with these formal disciplinary procedures due to Benton's failure to comply with the conditions of his probation as discussed herein.

2

probation officer as directed, which Benton admitted was the result of having resumed using marijuana. Officer Hamblin again requested revocation, but the court allowed probation to continue with the same conditions while adding the requirement that, on August 16, 2013, Benton enter and complete the Hope Center Program.

On October 2, 2013, Officer Hamblin again filed an affidavit seeking revocation of Benton's probation for additional violations, including failure to complete the Hope Center Program due to discharge for noncompliance, failure to report an arrest to his probation officer,[3] and absconding probation supervision. Benton's whereabouts at that time were unknown.

On January 9, 2014, the Inquiry Commission issued a one-count charge of professional misconduct against Benton, alleging violation of SCR 3.130-8.4(b).[4]

The separate events leading to Benton's second charge, KBA Case No. 20289, transpired in the meantime.

On August 2, 2012, Benton entered a guilty plea in Fayette Circuit Court to terroristic threatening, third-degree, which is a Class A misdemeanor. The charge arose from threatening text messages and voicemails Benton sent to an 18-year-old male high school student who had been bullying Benton's daughter. Benton was sentenced to sixty days imprisonment with credit for time served, and he has served his time.

---

[3] According to Officer Hamblin's affidavit, Benton was arrested on September 23, 2013, and charged with receiving stolen property.

[4] "It is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]" SCR 3.130-8.4(b).

3

The Inquiry Commission filed a complaint pursuant to SCR 3.160(2) on September 17, 2012. Benton's counsel filed a response.[5]

On December 27, 2013, the Inquiry Commission issued a one-count charge of professional misconduct for violation of SCR 3.130-8.4(b).

Benton filed no response to either charge.[6] As a result, this matter was submitted to the Board of Governors as a default case.

The Board voted unanimously, 16–0, to find Benton guilty of both counts. After this vote, the Board considered Benton's lack of any prior disciplinary history or other suspensions, withdrawals or resignations of his membership in the KBA. In light of Benton's conduct, the Board voted unanimously to recommend a 181-day suspension, referral to KYLAP, and payment of the costs of this proceeding.

At this point neither the KBA's Office of Bar Counsel nor Benton have sought review by the Court under SCR 3.370(7), and this Court declines to undertake review pursuant to SCR 3.370(8). Therefore, the Board's recommendation is hereby adopted pursuant to SCR 3.370(9).

**Order**

ACCORDINGLY, IT IS ORDERED THAT:

1. John Scott Benton is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Benton is suspended from the practice of law for 181 days.

---

[5] *See supra* n.2.

[6] Both charges sent via certified mail to Benton's bar roster address were returned as unclaimed. Service of the charges was ultimately made upon the Executive Director of the KBA, who under SCR 3.175(2) is designated as Benton's agent for service of process since he could not be reached by other means.

3. Benton shall complete a KYLAP referral and assessment and comply with any recommendations by KYLAP.

4. As required by SCR 3.390, Benton will, within 10 days after issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Benton shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Benton shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

5. As stated in SCR 3.390(a), this order shall take effect on the 10th day following its entry. Benton is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130-7.50(5).

6. In accordance with SCR 3.450, Benton is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $465.17, for which execution may issue from this Court upon finality of this Opinion and Order.

5

All sitting. All concur.

ENTERED: October 23, 2014.

_____
CHIEF JUSTICE