TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000498-KB

**FINAL**

**DATE** 1-6-15 _____

KENTUCKY BAR ASSOCIATION                                                    MOVANT


V.                                    IN SUPREME COURT


JOHN SCOTT BENTON                                                    RESPONDENT


## OPINION AND ORDER

Respondent, John Scott Benton, KBA Member No. 89449, has been

charged in KBA File No. 22243 with violating SCR 3.130-3.4(c) as a result of

failing to appear at a scheduled court date.[1] Respondent maintains a bar

roster address at 201 Price Road #205, Lexington, Kentucky 40511. The Board

of Governors found Respondent guilty in a vote of 20-0 and recommends he be

suspended from the practice of law for 181 days to run consecutively to any

other suspension. The Respondent did not file an answer contesting the

charges; the case went to the Board as a default case pursuant to SCR 3.210.

Respondent was arrested in Fayette County and charged with the felony

offense of receiving stolen property, $10,000.00 or more. At his arraignment

on September 24, 2013 he entered a not guilty plea. Respondent was

scheduled in the same case to appear again in court on October 14, 2013,

---

[1] "[A lawyer shall not] knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]" SCR 3.130-3.4(c).

however he failed to do so. He has provided no explanation for his failure to appear, and his current whereabouts are unknown; a bench warrant has been issued for his arrest. An Inquiry Commission Complaint was filed in January 2014, and mailed to Respondent at his bar roster address but was returned undeliverable and unable to forward. Respondent filed no response.[2]

In another disciplinary matter recently addressed by this Court,[3] Respondent was found guilty of violating SCR 3.130-8.4(b),[4] for which he was suspended from the practice of law for 181 days. Respondent was also ordered to complete a KYLAP referral and assessment and comply with any recommendations by KYLAP. At this point, neither the KBA's Office of Bar Counsel nor Respondent have sought review by the Court under SCR 3.370(7), and this Court declines to undertake review pursuant to SCR 3.370(8).

While we respect the Board's recommendation for another 181-day suspension running consecutively to Respondent's current suspension, we decline to follow it. Given Respondent's prior disciplinary action and his current suspension, together with the seriousness of the felony offense

---

[2] The charge which was sent via certified mail to Respondent's bar roster address was returned as unclaimed. Service of the charge was ultimately made upon the Executive Director of the KBA, who under SCR 3.175(2) is designated as Benton's agent for service of process since he could not be reached by other means.

[3] KBA Case (No. 19824), *Kentucky Bar Association v. John Scott Benton,* 2014 WL 5393940 (Ky. 2014), in which we imposed a 181-day suspension upon Respondent after finding him guilty of two counts of misconduct stemming from his pleas of guilty to one count of second-degree wanton endangerment and one count of fourth-degree assault. Evidence in that case disclosed that Respondent had aggressively accelerated his car toward another person, then after exiting the vehicle, he brandished a handgun and struck the person on the head.

[4] "It is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]" SCR 3.130-8.4(b).

2

underlying this disciplinary matter and his apparently flagrant disregard for the dignity of the court in which his criminal case is pending, the Kentucky Bar Association, and this Court, we decline at this time to fix a definite term for his suspension from the practice of law in Kentucky. Instead, we now determine that Respondent should be suspended from the practice of law *indefinitely.*

We acknowledge that our rules do not expressly provide indefinite suspension as a final disciplinary sanction, although we have ordered indefinite suspensions as part of our orders imposing reciprocal discipline.[5] We do not regard this as a final adjudication of the matter. Respondent's indefinite suspension shall remain in effect pending further review by this Court upon motion of Respondent accounting for his failure to respond and requesting a final determination, upon motion of the Kentucky Bar Association for a final disposition, or upon the Court's own motion.

**ORDER**

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent, John Scott Benton is found guilty of knowingly disobeying an obligation under the rules of a tribunal pursuant to SCR 3.130-3.4(c);

2. Benton is suspended from the practice of law indefinitely;

3. As required by SCR 3.390, Benton will, if he has not already done so, within 10 days after issuance of this order of suspension from the

---

[5] We have ordered indefinite suspensions as part of our orders imposing reciprocal discipline required by SCR 3.435(4), where an indefinite suspension was ordered by another jurisdictions. *See e.g., Kentucky Bar Association v. Leksan,* 424 S.W.3d 421 (Ky. 2014); *Kentucky Bar Association v. Emerson,* 303 S.W.3d 108 (Ky. 2010); *Kentucky Bar Association v. Streckfus,* 291 S.W.3d 239 (Ky. 2009).

practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Benton shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Benton shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. Benton is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130-7.50(5).

5. In accordance with SCR 3.450, Benton is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $338.67, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 18, 2014.

_____
CHIEF JUSTICE

4