# Supreme Court of Kentucky

## 2017-SC-000312-KB

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                          IN SUPREME COURT

KENNETH JOSEPH BADER                              RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association ("KBA") moves this Court, pursuant to SCR[1] 3.380(2), to suspend Respondent, Kenneth Joseph Bader, KBA Number 02455, for failure to Answer the Charge in KBA file 16-DIS-0304. Respondent maintains a bar roster address at 544 Baxter Avenue, Suite 200, Louisville, Kentucky 40204. KBA file 16-DIS-0304 concerns Respondent's failure to answer a Bar Complaint filed by his former client, Linda Mattingly, with respect to his mishandling of her personal injury case. The Jefferson County Sheriff's Department personally served Respondent with the Bar Complaint on November 30, 2016. After Respondent failed to file an Answer to the Complaint, the Inquiry Commission issued a three-count Charge against him,

---

[1] Supreme Court Rules.

on February 16, 2017, alleging a violation of SCR 3.130(1.3), which requires a lawyer to act with reasonable diligence and promptness in the representation of a client. Respondent violated this Rule when he failed to perform any work in his client's personal injury case for approximately two years until its dismissal. Respondent was also charged with violating SCR 3.130(1.4)(a)(3), which requires an attorney to keep his clients informed about the status of their case. Respondent violated this Rule when he failed to inform his client her personal injury case had been dismissed. Finally, Respondent was charged with violating SCR 3.130(8.1)(b), which requires a lawyer to respond to a lawful demand for information from a disciplinary authority. Respondent violated this Rule by failing to respond to the Bar Complaint. The Jefferson County Sheriff's Department personally served Respondent with the three-count Charge, yet he failed to file an Answer, and has not participated in any stage of these proceedings.

This matter is not the first time Respondent has been cited and disciplined for his misconduct as a practicing attorney. Recently, this Court found Respondent guilty of one count of violating SCR 3.130(3.4)(c) for knowingly disobeying an obligation under the rules of a tribunal, and one count of SCR 3.130(8.1)(b) for failing to respond to a lawful demand for information from a disciplinary authority. *Ky. Bar Assoc. v. Bader*, -- S.W.3d -- , 2017 WL 4310500 (Ky. Sept. 28, 2017). Notably, Respondent likewise failed to participate in that disciplinary proceeding. Because of his committed

2

violations, we suspended Respondent from the practice of law for a period of thirty (30) days.

Similarly, in 2014, Respondent received a private reprimand for the following: 1) violating SCR 3.130-1.3 by failing to file a client's bankruptcy petition in a timely manner; 2) violating SCR 3.130-1.4(a)(2) by failing to tell his client that he was not filing her bankruptcy petition because she had not paid his fee; and 3) violating SCR 3.130-1.4(a)(3) by failing to respond to his client's requests for information about her bankruptcy proceedings.

Here, Respondent's misconduct in KBA file 16-DIS-0304 in large part mirrors that for which he has been previously disciplined, and indicates repeated noncompliance with the rules of his chosen profession. In the case of *Ky. Bar Assoc. v. Benton*, 449 S.W.3d 368 (Ky. 2014), this Court exercised its discretion, pursuant to SCR 3.380, to suspend Benton indefinitely until he appeared and accounted for his failure to answer the disciplinary charges. Likewise, here we believe that indefinite suspension of Respondent's license to practice law is warranted until he appears and accounts for his behavior.

ACCORDINGLY, IT IS ORDERED THAT:

1. Respondent is suspended from the practice of law indefinitely pursuant to SCR 3.380(2).

2. As required by SCR 3.390, Respondent will, if he has not already done so, within 10 days after issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he

3

has matters pending, and all clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Respondent shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Respondent shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. Respondent is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130–7.50(5).

All sitting. All concur.

ENTERED: November 2, 2017.

_____
CHIEF JUSTICE

# Supreme Court of Kentucky

2017-SC-000312-KB

KENTUCKY BAR ASSOCIATION                                      MOVANT

V.                                  IN SUPREME COURT

KENNETH JOSEPH BADER                                      RESPONDENT

## ORDER

The Opinion and Order of the Court entered November 2, 2017, is amended on its face by substitution of the attached Opinion and Order in lieu of the original Opinion and Order. Said correction does not affect the holding of the original Opinion and Order of the Court.

ENTERED: November __7__, 2017.

_____
CHIEF JUSTICE