**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Richard K. JACOB, Respondent.**

**No. 96–SC–1097–KB.**

Supreme Court of Kentucky.

Sept. 4, 1997.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, for Complainant.

James M. Clements, Louisville, for Respondent.

### OPINION AND ORDER

The Kentucky Bar Association charged Richard K. Jacob of Louisville, Kentucky, with two counts of unethical conduct for violating SCR 3.130–3.3(a)(1) and (3): knowing-

ly making a false statement of fact or law to a tribunal and offering evidence the lawyer knows to be false; and, SCR 3.130–3.4(d): in pretrial procedure, deliberately failing to make a reasonably diligent effort to comply with a proper discovery request. The Board of Governors found Jacob guilty on both counts and recommended public reprimand. This Court, pursuant to SCR 3.370(8), issued a Notice of Review of the Board's decision and recommendation.

The charges arise from Jacob's representation of his daughter. On December 9, 1992, Jacob's daughter was driving an automobile owned by Jacob when she and Lyndell Whitaker were involved in an accident. The daughter did not produce proof of insurance at the scene and instead asked Whitaker not to call the police because of prior insurance claims. She requested to pay for any damage herself, to which Whitaker agreed and exchanged information.

After several unsuccessful attempts to collect reimbursement from the Jacobs, Whitaker filed an action in small claims court on March 15, 1993. Jacob, acting as his daughter's attorney, removed the case to district court and requested a jury trial, contending the damages were not as Whitaker represented. Jacob also served interrogatories on Whitaker, which Whitaker answered. Whitaker then served interrogatories on Jacob, including the interrogatory that is the subject of this disciplinary action.

Jacob failed to respond to Whitaker's interrogatories before the time had elapsed. Only after Whitaker's attorney protested did Jacob respond to the interrogatory, on August 4, 1993 (eight months after the accident), that the car in question was *not* covered by insurance at the time of the collision. Jacob also sent a letter to Whitaker at that time offering to settle for $200.

Believing that he would not recover the full repair costs in the absence of insurance, Whitaker agreed to the settlement. However, Jacob did not file the agreed order of settlement until two months later and then still failed to pay Whitaker.

On November 11, 1993, Whitaker caused the issuance of a criminal complaint charging Jacob with failure to maintain insurance on his motor vehicle. Jacob then defended the criminal action by producing proof of insurance showing the car to be covered on the date of the accident. At no time did Jacob withdraw his previous response to the interrogatory stating his insurance status to the contrary. On November 15, 1993, Whitaker's wife filed a complaint with the KBA. On November 17, 1993, Jacob finally paid Whitaker the $200 according to the settlement agreement.

The Board of Governors accordingly found that Jacob knew his interrogatory response to be false. Jacob also admitted that he did not contact his insurance company to determine the status of the car's coverage on the accident date, even though he was aware that he could.

The Board found Jacob's answer to the interrogatory to have been made falsely and in violation of his duties of candor toward the tribunal, per SCR 3.130–3.3(a)(1) and (3). Further, the Board found Jacob's failure to respond to the interrogatory in a timely manner, coupled with his failure to verify the insurance status, a deliberate failure to make reasonably diligent efforts to respond to a proper discovery request, per SCR 3.130–3.4(d). The evidence is sufficient to support these findings.

The Board, by divided vote, recommended that Jacob be publicly reprimanded for these ethical infractions. However, we believe that the conduct and violations involved warrant a greater penalty. The Board found not only that Jacob *deliberately* failed to make an effort to respond diligently to a proper discovery request, but that he *knowingly lied to the court* when he finally did answer the interrogatories. Jacob's proffered assertions to the contrary are unconvincing in light of the evidence presented to the Board. Again, we note that Jacob apparently made no attempt to correct his misstatement of fact in the civil proceeding after it was allegedly "discovered" in the criminal action. As Jacob was defending his daughter and himself in the civil suit, all of his actions inured to his personal benefit.

The record reveals that Jacob has been disciplined by the KBA on a prior occasion

for an unrelated ethical violation. Given the nature of the conduct involved, most notably Jacob's knowing misstatement to the tribunal, the divided Board's vote, as well as Jacob's prior disciplinary record, Respondent, Richard K. Jacob, should be and is hereby suspended from the practice of law in Kentucky for the period of thirty (30) days and is directed to pay the costs of this proceeding, pursuant to SCR 3.450.

STEPHENS, C.J., and COOPER, JOHNSTONE, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents and would suspend Jacob for more than thirty (30) days.

ENTERED: September 4, 1997.

/s/ Robert F. Stephens
Chief Justice