**KENTUCKY BAR ASSOCIATION,**
Appellant

v.

**Bernard G. WATTS, Esq. KBA Member No. 74935, Appellee.**

**No. 2006–SC–000250–KB.**

Supreme Court of Kentucky.

May 18, 2006.

Bruce K. Davis, Executive Director, Linda Gosnell, Chief Bar Counsel, Ken- tucky Bar Association, Frankfort, Counsel for Appellant.

Nicholas W. Carlin, Louisville, Counself for Appellee.

## OPINION AND ORDER

The Movant, Bernard G. Watts, Esq., was admitted to the practice of law on May 1, 1977. His bar roster address is 2825 Milburn Avenue, Louisville, Kentucky 40220. Mr. Watts moves this Court to impose the sanction of public reprimand, pursuant to SCR 3.480(2), for violations of SCR 3.130–3.3(a)(1) and (20) and SCR 3.130–8.3(a) and (c) in exchange for the termination of disciplinary proceedings against him for the named violations.

*Factual Background*

In early 1995, Mr. Watts was contacted, and retained, by Joyce Kirk (Mrs. Kirk) concerning a potential sexual harassment suit against her former employer, the Carbon–Graphite Group. Also during the first initial visit with Mr. Watts, Mrs. Kirk discussed her possible need to file for bankruptcy.

On April 10, 1995, Mrs. Kirk signed a complaint drafted by Mr. Watts alleging sexual harassment by the Carbon–Graphite group. On June 30, 1995, Mr. Watts filed a Chapter 7 Bankruptcy Petition, on behalf of Mrs. Kirk and William Kirk, in the United States Bankruptcy Court for the Western District of Kentucky in Louisville. However, Mr. Watts did not list the potential sexual harassment claim on the petition, even though it is required by law.

Prior to the filing of the bankruptcy petition, Mr. Watts represented Mrs. Kirk in her application for Social Security disability benefits. On August 16, 1995, Mrs.

Kirk received a letter from the Social Security Administration entitled "Notice of Award" informing her of the approval of disability benefits in the amount of $958.00 a month beginning in December with a lump sum immediately due to her of $7,360.00. Mrs. Kirk informed Mr. Watts about the letter sometime between August 16 and September 29, 1995. However, Mr. Watts had not included the claim as an asset of the estate or as income to Mrs. Kirk, nor did he amend the bankruptcy petition at any time to include these benefits, although it is required by law.

On September 28, 1995, a discharge was entered in the bankruptcy case and fourteen days later, on October 12, 1995, Mr. Watts filed the complaint for sexual harassment against Mrs. Kirk's former employer in Jefferson Circuit Court. At the time of the filing, Mr. Watts did not make any effort to reopen the filed bankruptcy petition to make the appropriate amendments. Thereinafter, the Carbon–Graphite Group, the defendant in the sexual harassment lawsuit, filed a motion for summary judgment arguing that the bankruptcy estate, not Mrs. Kirk, was the proper party to bring the suit.

On August 9, 1996, Mr. Watts filed a motion to reopen Mrs. Kirk's petition for the purpose of amending it to include the harassment lawsuit as an asset. On August 26, 1996, Mr. Watts filed a motion to file an intervening complaint in the sexual harassment case in the United States District Court for the Western District of Kentucky. In this motion, Mr. Watts held himself out as counsel for the Bankruptcy Trustee, John Wilson. However, he was never authorized to file such a motion and the bankruptcy court never appointed him as counsel for the trustee. A letter dated August 26, 1996 discharged Mr. Watts as Mrs. Kirk's counsel.

The trustee was allowed to be substituted as Plaintiff in the sexual harassment lawsuit to assert claims contained in the lawsuit which remained an asset of the bankruptcy estate. The lawsuit was settled and the proceeds were paid to Mrs. Kirk and the bankruptcy estate.

■ Mr. Watts has admitted that his conduct was in violation of the Supreme Court Rules but denies that he filed the pleading with the intent to defraud or mislead the bankruptcy tribunal. Mr. Watts admits the assets should have been listed in the petition or it should have been amended. Also, he acknowledges that he failed to instruct his client to include the lawsuit or social security award as assets in the bankruptcy petition. However, he denies that his actions were undertaken with the intent to deceive the Bankruptcy Court or to defraud the creditors. Mr. Watts has no prior disciplinary history.

Mr. Watts' motion for public reprimand was reviewed and approved by the Chair of the Inquiry Commission and the immediate past president of the KBA before submission to. this Court. Consideration was given to the delay of the underlying litigation and the settlement of the lawsuit to the benefit of the client.

■ The KBA notes in its response that this Court has granted motions for public reprimand for these sorts of violations previously in *Christie L. Wright v. Kentucky Bar Association*, 169 S.W.3d 858 (Ky. 2005). There have also been thirty day suspensions for violations of this nature imposed by this Court. *See Kentucky Bar Association v. Jacob*, 950 S.W.2d 832 (Ky. 1997). However, Mr. Watts has been honest with the court and the KBA about the violations he has committed, unlike the respondent in *Jacob*, who knowingly made

false statements to the court, thus, resulting in the harsher punishment.

Section 9.32(1991) sets out the ABA standards for imposing lawyer sanctions. It provides that after misconduct has been established, mitigating circumstances may be considered in deciding what sanctions to impose. In this case, those mitigating factors include the lengthy period of practice with no prior disciplinary record (twenty-nine years) and the restitution received by Mrs. Kirk through the settlement of the civil matter.

The KBA respectfully requests that the Mr. Watts' motion for public reprimand be granted and that an order reflecting the public reprimand be entered.

Therefore, we adopt the finding by the KBA regarding the appropriate discipline in this matter and order Mr. Watts be publicly reprimanded pursuant to SCR 3.480(2), for his violations of SCR 3.130–3.3(a)(1) and (20) and SCR 3.130–8.3(a) and (c).

Thus, it is ordered that:

1) The disciplinary proceedings by the Inquiry Commission be terminated;

2) Mr. Watts is publicly reprimanded for his violations of Professional Ethics; and,

3) Mr. Watts shall pay the costs of $495.95 for which execution may issue from this Court upon finality of the Opinion and Order.

All concur.

ENTER May 18, 2006.

/s/ Joseph E. Lambert

CHIEF JUSTICE