TO BE PUBLISHED

# Supreme Court of Kentucky



2018-SC-000436-KB

DATE 4/30/19 Kim Redmon, DC

CARROLL HUBBARD JR.                                    MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                        RESPONDENT

## OPINION AND ORDER

Movant, Carroll Hubbard Jr., was admitted to the practice of law in the Commonwealth of Kentucky on September 10, 1962. His Kentucky Bar Association (KBA) number is 34060 and his bar roster address is P.O. Box 1515, Paducah, Kentucky 42002. Pursuant to SCR 3.480(2), he moves this Court to enter a negotiated sanction imposing a sixty-day suspension from the practice of law, subject to conditions. The KBA has no objection.

## I. BACKGROUND

Hubbard represented clients in a grandparents' visitation case in McCracken Family Court. Attorney Alisha Bobo acted as opposing counsel in the case. The visitation case became contentious and Bobo sought to disqualify Hubbard from the case in October 2017 on the basis that he had become a fact witness. Hubbard disagreed. The next month, Hubbard clipped

a picture of Bobo and her wife (Lisa Thompson Bobo) from a newspaper, drew an arrow to the couple, and wrote "2 pitifull [sic.], fat, ugly lesbians" beneath the photograph, addressed an envelope to Bobo and her wife, and mailed it to them.

At a hearing in the visitation case on January 31, 2018, before Judge Deanna Wise Henschel, Bobo revealed the article she had received. When Judge Henschel directly asked Hubbard, he denied that he had mailed the newspaper clipping to Bobo. Then, Hubbard turned to Bobo on two separate occasions and denied sending the photograph to her and her wife. When Judge Henschel asked Hubbard yet again, he maintained his denial of sending the clipping to the Bobos. Finally, Hubbard was sworn in after being called as a witness by Bobo. Under oath, Hubbard denied it was his handwriting on the envelope containing the photograph and addressed to the Bobos.

In February, Bobo filed a bar complaint against Hubbard based on the events described above. The next day, Hubbard self-reported to the KBA, filing a complaint on himself. In Hubbard's self-report, he admitted to mailing the clipping to the Bobos and provided an apology to the Bobos. Hubbard also issued a public apology.

In April, the Inquiry Commission charged Hubbard with five counts of misconduct related to the January 31 hearing at which he testified. These included two counts of violating SCR 3.130-3.3(a)(1) which states it is misconduct for a lawyer to knowingly "make a false statement of fact or law to a tribunal." Hubbard admits he violated this rule by denying to the court that

2

he had any involvement in sending the clipping to the Bobos on two different occasions during the hearing. The charge also includes two counts of violating SCR 3.130-8.4(c) which provides that "[i]t is professional misconduct for a lawyer to: . . . engage in conduct involving dishonestly, fraud, deceit, or misrepresentation." Hubbard admits he violated this rule by denying to Bobo twice during the hearing that he sent the clipping to her and her wife. Finally, Hubbard was charged with one count of violating SCR 3.130(8.4)(b), which provides: "[i]t is professional misconduct for a lawyer to: . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." He admits that his conduct in denying under oath that his handwriting was on the envelope addressed to the Bobos and containing the clipping amounted to a violation of this rule. Specifically, Hubbard violated KRS 523.040 (false swearing—a Class B misdemeanor) when he made "a false statement which he [did] not believe under oath required or authorized by law." It is important to note that Hubbard's false statement did not impact the underlying visitation case in any regard and merely concerned his improper conduct this Court is now addressing.

Hubbard also admits that in May, after filing his answer to the charge in the current case, he filed a Judicial Conduct Commission (JCC) complaint against Judge Henschel. He admits this complaint was retaliatory and vindictive. Furthermore, Hubbard admits to asking attorney Tiffany Gabehart Poindexter (a family law practitioner in McCracken County who frequently appeared before Judge Henschel) if she was aware of a JCC complaint against

3

Judge Henschel. Hubbard also admits that, although the above is his recollection of his conversation with Poindexter, it is possible that Poindexter's recollection of the conversation is accurate. Poindexter believed Hubbard asked her whether she knew Judge Henschel had been subpoenaed to a "judicial ethics hearing." Hubbard also attempted to discuss with Poindexter his assertion that Bobo did not like him due to his stance on same-sex marriage and the potential for Poindexter to run against Judge Henschel. Poindexter, however, ended the conversation.

## II. ANALYSIS

Hubbard admitted when self-reporting to the KBA—and admits now—that he had sent the clipping in question to the Bobos. Therefore, we agree with the parties that Hubbard's statements to the tribunal, opposing counsel, and under oath at the January 31 hearing amounted to violations of the charged counts of professional misconduct.

The parties agree the appropriate sanction for these ethical violations is a sixty-day suspension from the practice of law on the conditions that he send written apologies to Judge Henschel, Alisha Bobo, Lisa Bobo, and Poindexter.

After examining our case law, we agree with the parties that a sixty-day suspension from the practice of law is the appropriate sanction. For example, in *Kentucky Bar Ass'n v. Jacob*, 950 S.W.2d 832, 832–33 (Ky. 1997), we suspended the attorney for thirty days for (among other counts) knowingly making a false statement of fact or law to a tribunal. Given the additional charges to which Hubbard admits in the case at bar and the fact

4

that the parties agree on the sanction, we accept the negotiated sanction of a sixty-day suspension from the practice of law with conditions.

### III.     ORDER

Agreeing that the negotiated sanction is appropriate, it is ORDERED that:

1. Carroll Hubbard Jr. is found guilty of two counts of violating SCR 3.130-3.3(a) and SCR 3.130-8.4(c) and one count of violating SCR 3.130-8.4(b); and

2. Hubbard is suspended from the practice of law for sixty days for his misconduct; and

3. Hubbard is ordered to send a written apology to Judge Henschel no later than thirty days after the date of this Opinion and Order apologizing for his multiple misrepresentations in her court on January 31, 2018; for filing the JCC complaint against her and acknowledging it was in retaliation; and for making the false statements to Poindexter outlined above; and

4. Hubbard is ordered to send a written apology to Alisha Bobo no later than thirty days after the date of this Opinion and Order apologizing for his misrepresentations to her about sending the article and apologizing for sending the article in the first place; and

5. Hubbard is ordered to send a written apology to Lisa Bobo no later than thirty days after the date of this Opinion and Order apologizing for sending the article; and

5

6. Hubbard is ordered to send a written letter and apology to Poindexter no later than thirty days after the date of this Opinion and Order correcting his statements concerning Judge Henschel and stating Judge Henschel had not been subpoenaed to a judicial ethics proceeding, that the proceeding to which Judge Henschel had been subpoenaed was his own lawyer disciplinary hearing, and that he was the one who subpoenaed Judge Henschel; Hubbard shall also apologize to Poindexter for involving her in this proceeding; and

7. Hubbard shall provide copies of the aforementioned apologies to the McCracken Circuit Court Clerk and the Office of Bar Counsel within thirty days of the issuance of this Opinion and Order; and

8. In accordance with SCR 3.450, Hubbard is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,062.65, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Hughes, Keller, Lambert, Vanmeter, and Wright, JJ., sitting. All concur. Buckingham, J., not sitting.

ENTERED: April 18, 2019.

_____
CHIEF JUSTICE

6