TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0057-KB

IN RE: MICHAEL JOSEPH BEATTIE

IN SUPREME COURT

## OPINION AND ORDER

Michael Joseph Beattie moves this Court to enter a negotiated sanction pursuant to Supreme Court Rule (SCR) 3.480(2) to resolve a pending disciplinary proceeding against him. The Kentucky Bar Association (KBA) has no objection. After consideration, we conclude that the proposed sanction is inadequate. We note preliminarily that Beattie, KBA Member Number 100200, was admitted to the practice of law on May 1, 2023. His bar roster address is 336 American Avenue, Lexington, KY 40503.

## BACKGROUND

On April 4, 2024, Zachary Turner was charged with first-degree wanton endangerment and possession of drug paraphernalia in Fayette County after he pointed a loaded firearm at his girlfriend, Kyra Pennington. Turner was arraigned and a bond was set at $5,000 cash. Public Defender Michael Joseph Beattie was appointed to represent Turner.

A few days later Beattie met with Turner while he was incarcerated at the Fayette County Detention Center. While discussing Turner's bond and the possibility of a bond reduction, Beattie asked Turner if he had a girlfriend and

if that girlfriend was pregnant. Turner told Beattie that he had a girlfriend, but she was not pregnant. Beattie then told Turner that for purposes of a favorable bond outcome, it would be better if his girlfriend was pregnant. Turner then told Beattie "maybe she is pregnant."

At the preliminary hearing on April 11, 2024, Turner stipulated to probable cause for the felony charge and waived the Grand Jury. Also at that preliminary hearing, Beattie made a motion to reduce Turner's bond because Pennington, Turner's girlfriend and the alleged victim on the wanton endangerment charge, was in the courtroom and wanted Turner to be released because she was pregnant and needed his assistance in making medical appointments and preparing for the birth of their child. But Beattie knew that Pennington was not pregnant. The court granted the motion and reduced Turner's bond to $5,000 at 10% with electronic monitoring, home arrest, work release, court appearance, and allowed Turner to attend any of his girlfriend's medical appointments.

On June 17, 2024, Turner was charged with second-degree strangulation and fourth-degree assault. The alleged victim in this case was also Pennington. The Assistant Fayette County Attorney later reviewed recorded phone calls between Turner and Pennington and discovered that Pennington was not pregnant. On June 25, 2024, the Assistant Fayette County Attorney filed a motion for bond revocation because the motion for bond reduction was made using false representations. Additionally, Turner violated the terms of his bond by acquiring new criminal charges.

2

The motion for bond revocation included an affidavit from Pennington confirming that when she talked with Turner over the phone, he said he met with his attorney and that she should say she was pregnant to help with his bond. Pennington further declared that she was not pregnant and had never been pregnant with Turner's child. The court immediately revoked the previous bond and set a new bond, issued a violation of conditions of release warrant, and docketed the case for a preliminary hearing on June 27, 2024. On that date, Beattie admitted to the Fayette District Court his previous misrepresentation that Pennington was pregnant. The court held Beattie in contempt and imposed a $500 fine, which Beattie paid on November 13, 2024.

The Inquiry Commission issued a two-count Charge against Beattie. Count 1 alleges violation of SCR 3.130(3.3)(a)(1), which provides that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal." Count II alleges violation of SCR 3.130(8.4)(c), which provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Beattie violated these rules by falsely representing to the court that his client's girlfriend was pregnant when he knew she was not.

Beattie admits that he violated both these rules and proposes that this Court impose a public reprimand. The KBA has no objection. Finding the proposed sanction inadequate, we remand this case for further disciplinary proceedings pursuant to SCR 3.480(2).

3

## ANALYSIS

The KBA asserts that case law supports imposing a public reprimand. We disagree. In *Kentucky Bar Association v. Rye,* 336 S.W.3d 462 (Ky. 2011), the Court issued a public reprimand for attorney Rye's violations of SCR 3.130(3.3)(a)(1) and 8.1(b). Rye represented a client in a child custody case and informed the court that he was not aware his client was moving out of state, when in fact he knew of his client's intentions *Id.* Additionally, Rye told Bar Counsel he had requested his client's file from his former employer when he had not, and he failed to respond to a letter from Bar Counsel requesting information. *Id.* at 464.

While *Rye* likewise involves an attorney's knowing misrepresentations to a court, the stakes were much higher in this case. Turner's case was a criminal matter in which he was charged with pointing a loaded firearm at his girlfriend. Turner's bail was originally set at $5,000 cash. Beattie helped his allegedly violent client develop a lie about the victim and used that lie to orchestrate Turner's release. The court reduced the bond to $5,000 at 10% with monitoring, home arrest, work release, court appearance, and allowed Turner to attend any of his girlfriend's medical appointments. Despite the conditions placed on Turner for his release, Beattie's misrepresentation to the court undermined its ability to fairly consider the factors for bail, including an accurate assessment of the defendant's "reasonably anticipated conduct if released . . . ." Rule of Criminal Procedure (RCr) 4.16. Beattie's overwhelmingly misleading statement defrauded the court as to the very facts it

4

needed to make the bail determination and plainly prejudiced the administration of justice.

Moreover, Beattie's conduct not only undermined the integrity of the judicial proceedings but also unnecessarily placed a domestic violence victim at serious risk of further abuse. Given the terms of Turner's release, the trial court clearly contemplated the need for Turner to assist his girlfriend throughout her pregnancy. Had the trial court known that Turner's girlfriend was not in fact pregnant, the trial court may not have granted the requested bond reduction. The lie by omission in *Rye* was relevant to the family court's determination of the impact of the client's relocation in a child custody proceeding. Here, Beattie's blatant lie to the trial court was used to secure the release of an allegedly dangerous individual, which posed a serious risk to the public.

The other cases cited by the KBA involve the issuance of public reprimands for deceptive conduct, but none of the instances rise to the grave nature of the misconduct here. *See Kentucky Bar Ass'n v. Watts,* 190 S.W.3d 922, 923 (Ky. 2006) (involving an attorney's failure to include a client's sexual harassment suit against a former employer and award of social security benefits on a bankruptcy petition); *Kirk v. Kentucky Bar Ass'n,* 638 S.W.3d 412 (Ky. 2021) (involving attorney Kirk who continued to employ an attorney as a paralegal despite that attorney having been suspended from the practice of law).

The above cases involve misrepresentation by omission, which is plainly distinct from devising a lie to present to a court. The attorneys in those cases knew information and either disregarded it or intentionally failed to reveal that information to a tribunal. Contrarily, Beattie invented facts in his misrepresentation to the court. The grave and dangerous nature of Turner's conduct cannot be overlooked. After being released on bond for a dangerous domestic offense against his girlfriend, Turner subsequently allegedly strangled that same victim—crimes that may not have happened but for Beattie's misrepresentations that undoubtedly contributed to the court's decision to reduce Turner's bond. Additionally, Beattie brought Turner's girlfriend into his scheme of making a misrepresentation to the court. This is especially troublesome given the nature of Turner's criminal cases – domestic violence – and the dynamic that exists between many perpetrators and victims in these kinds of instances.

The KBA points out that, in mitigation, Beattie has no prior discipline, and had only been licensed to practice law in the Commonwealth for approximately eleven months when his misconduct occurred. But we briefly note that several aggravating factors are present here.[1] Beattie displayed a dishonest motive, violated multiple rules, and made false statements to the court. He also used deceptive practices in getting Turner's bond reduced. We also recognize that Pennington ultimately became a victim of Beattie's

---

[1] American Bar Association, *Standards for Imposing Lawyer Sanctions* (2d ed. 2019).

misconduct given the subsequent abuse she allegedly suffered at the hands of Turner.

## **CONCLUSION**

For the foregoing reasons, we reject the proposed discipline. ACCORDINGLY, IT IS ORDERED THAT:

1. Michael Joseph Beattie's motion for this Court to impose a public reprimand is denied.

2. Beattie's KBA file shall be remanded to the KBA for further disciplinary proceedings pursuant to SCR 3.480(2). In the event Beattie and Bar Counsel fail to reach a different proposal for consensual discipline within ninety days after the date of this order, the matter shall proceed as a contested matter in accordance with the Supreme Court Rules and any subsequent orders of this Court.

All sitting. Bisig, Conley, Goodwine, Keller, and Nickell, JJ., concur. Lambert, C.J.; dissents by separate opinion in which Thompson, J., joins.

LAMBERT, C.J.; DISSENTS: Because the recommended sanction is consistent with our precedent in similar cases, I would grant Beattie's requested sanction of a public reprimand and thus, dissent.

The majority distinguishes *Kentucky Bar Association v. Rye,* 336 S.W.3d 462 (Ky. 2011) from the case at bar due to the ramifications of Beattie's dishonesty—namely, that due to Beattie's misrepresentation to the district court, Mr. Turner was released on reduced bond and subsequently acquired new charges of strangulation and domestic violence involving his girlfriend.

7

However, I believe that the facts in *Rye* support granting Beattie's requested sanction.

Rye was an attorney who was representing his client, Plank, in a child custody case involving her daughter. *Id.* at 463. While the custody case was still pending, Plank asked Rye multiple times about moving out of state with her daughter. *Id.* Rye advised Plank that the move would not pose any problems in her pending custody case. *Id.*

> Following [Rye's] advice, still before any formal adjudication of custody, Plank moved with her daughter to Iowa. Soon thereafter, Plank's ex-husband filed an emergency motion for temporary custody due to Plank's removing their daughter from the state without any notice. Ultimately, the court granted not only temporary, but permanent custody to the ex-husband.

*Id.* Plank's custody case was appealed through to this Court, where it was ultimately determined that the trial court did not abuse its discretion when it held that Plank's relocation "weighed in favor of vesting custody in her former husband." *Id.* at 464.

The Trial Commissioner determined that had Rye committed three different acts of misconduct throughout his representation of Plank that resulted in violations of two rules of professional conduct: he violated SCR 3.130(3.3)(a)(1) and (2) by knowingly and falsely telling the court that he was unaware that his client had moved back to Iowa when he was, in fact, aware; he violated SCR 3.130(8.1)(a) when he informed the Office of Bar Counsel that he was attempting to obtain his client's file from his former employer, when he had not actually taken the requisite steps to complete that action; and he

violated SCR 3.130(8.1)(b) when he failed to respond to a letter from the Office of Bar Counsel informing "him of his obligation to respond to a demand for information."[2] *Rye,* 336 S.W.3d at 464. Despite committing three acts of misconduct that resulted in violations of two professional conduct rules, this Court adopted the Trial Commissioner's recommended disciplinary action and determined that a public reprimand was appropriate "in light of these violations." *Id.*

In the present case, Beattie has only committed one act of misconduct—he purposely misrepresented Pennington's pregnancy status to the court in order to obtain a favorable bond reduction for his client. However, the majority notes several aggravating factors in support of its denial of Beattie's requested sanction of a public reprimand. It specifically points to Beattie's dishonest motive, his violation of multiple professional conduct rules, and the false statements he presented to the court. But those same aggravating factors were present in *Rye* when the attorney violated multiple professional rules of conduct and made multiple misrepresentations to the court and Office of Bar Counsel. *Id.* at 463-64.

---

[2] The Trial Commissioner also determined Rye had violated SCR 3.130(1.1) when he advised his client that she could move out of state while having a pending custody case. *Id.* The Court concluded that Rye's advice was incorrect, but it was not incompetent. *Id.* at 464. Rye's advice to Plank regarding moving out of state while her custody case was still pending was supported by prior law, and only because that law was overturned did Rye's advice become incorrect. *See Fenwick v. Fenwick,* 114 S.W.3d 767 (Ky. 2003) (overruled on the grounds that the Court had erroneously applied the serious endangerment modification of custody standard to the initial custody determination, when the best interest of the child standard should have applied).

9

The majority also distinguishes two of the cases cited by the KBA, *Kentucky Bar Ass'n v. Watts*, 190 S.W.3d 922 (Ky. 2006) and *Kirk v. Kentucky Bar Ass'n*, 638 S.W.3d 412 (Ky. 2021), from Beattie's case based on the fact that those cases involved "misrepresentation by omission." *Watts* involved an attorney who failed to include his client's award of social security benefits and civil lawsuit in a petition for bankruptcy. *Watts*, 190 S.W.3d at 923-24. *Kirk* involved an attorney who continued to employ another attorney as a paralegal after she was suspended from practicing law. *Kirk*, 638 S.W.3d at 413. When questioned about the attorney's employment status, Kirk informed the Inquiry Commission that he no longer had a professional relationship with her. *Id.* Both attorneys in *Watts* and *Kirk* received public reprimands for their deceptive conduct.

Although the attorneys in *Watts* and *Kirk* either disregarded certain information or failed to apprise the forum they were appearing before of information they knew—they did not fabricate information—that does not distinguish those attorneys from Beattie. All three attorneys acted deceptively—a lie used to affect the outcome of a case is no worse, or better than an omission used to affect the outcome of a case. Accordingly, neither *Watts* nor *Kirk* is distinguishable from Beattie's case.

Furthermore, the Office of Bar Counsel agrees with Beattie's requested sanction and points to several mitigating factors in support of its decision. Beattie has only been licensed to practice law in Kentucky since May 1, 2023; he has had no disciplinary actions prior to the current proceeding; and he has

10

been cooperative in the disciplinary process. For the foregoing reasons, I maintain that *Rye* supports Beattie's requested sanction, and I find the mitigating factors presented by the Office of Bar Counsel to be compelling. Therefore, I would grant Beattie's requested sanction of a public reprimand.

Thompson, J. joins.

ENTERED: April 25, 2025

_____
CHIEF JUSTICE

11